United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20259
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVARISTO FLORES-LEAL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(4:03-CR-340-ALL)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Evaristo Flores-Leal ("Flores") appeals his conviction following a jury trial for being found in the United States, on August 1, 2003, following deportation subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a). Flores argues that the district court erred in refusing to dismiss the indictment on the ground that the five-year statute of limitations had expired. He asserts that the limitations period began on one of two alternative dates: (1) November 11, 1993, when

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he appeared at a port of entry and reentered the United States by presenting facially valid immigration documents, or (2) April 5, 1998, when he submitted to the Immigration and Naturalization Service a request for his immigration file under the Freedom of Information Act ("FOIA").

Under 8 U.S.C. § 1326(a), it is a crime for an alien who has been deported to be "found" in the United States. In United States v. Santana-Castellano, 74 F.3d 593, 598 (5th Cir. 1996), we held that "a previously deported alien is 'found in' the United States when his physical presence is discovered and noted by the immigration authorities, and the knowledge of the illegality of his presence, through the exercise of diligence typical of law enforcement authorities, can reasonably be attributed to the immigration authorities." "[T]he five-year statute of limitations under 8 U.S.C. § 1326 begins to run at the time the alien is 'found,' barring circumstances that suggest that the INS should have known of his presence earlier . . . ." Id. We review the district court's fact findings for clear error and its legal conclusions de novo. See United States v. Wilson, 322 F.3d 353, 359 (5th Cir. 2003).

Flores's first argument, that he was found in the United States when he appeared at the port of entry and entered the country on November 11, 1993, is unavailing. The government was not put on notice by the facially valid documents that the entry was illegal, and the "due diligence" required of immigration

officials to discover an alien's illegal presence does not impose a duty to conduct background checks on every alien who attempts to enter the country by presenting ostensibly valid papers.

Neither did Flores's FOIA request, which was signed and submitted by his counsel, put the government on notice of Flores's illegal presence. Although Flores signed the document authorizing his counsel to receive the requested information, the document does not provide an address for Flores or clearly indicate whether Flores was in the United States when he signed it. Because of these ambiguities, Flores cannot show that his presence in the United States was actually "discovered and noted by immigration authorities." See Santana-Castellano, 74 F.3d at 598.

The district court's judgment is

AFFIRMED.